UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Juan Carlos Batista,<br><br>Plaintiff<br><br>v.<br><br>Isaac Herskovitz, Daniel Goldstein, Leibel Lederman, Aryeh Z. Ginzberg, Irving Langer, E & M Associates LLC, 22 Pearsall, LLC, 295 West 150 LGL Associates L.P., StaffPro, Inc, and StaffLGL, LLC,<br><br>Defendants, jointly and severally. | CIV NO:<br><br>**COMPLAINT** |

Through his attorneys, Eisner & Dictor, P.C. and Goddard Law PLLC, Plaintiff Juan Carlos Batista (hereinafter "Plaintiff"), brings this action pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") to recover *inter alia* withheld wages from Defendants Isaac Herskovitz, Daniel Goldstein, Leibel Lederman, Aryeh Z. Ginzberg, Irving Langer, E & M Associates LLC, 22 Pearsall, LLC, 295 West 150 LGL Associates L.P., StaffPro, Inc., and StaffLGL, LLC (collectively referred to hereinafter as "Defendants"), and alleges:

### JURISDICTION & VENUE

1. This action arises under a federal statute, 29 U.S.C. § 216(b). Jurisdiction over State and Local claims is invoked under 28 U.S.C. §1367.

2. The events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

### THE PARTIES

3. Plaintiff is an adult individual and resident of New York State.

4. Defendant Isaac Herskovitz is an adult individual and former employer of Plaintiff located at 1465 Flatbush Avenue, Brooklyn, New York 11210.

5. Defendant Daniel Goldstein is an adult individual and former employer of Plaintiff located at 1465 Flatbush Avenue, Brooklyn, New York 11210.

6. Defendant Leibel Lederman is an adult individual and former employer of Plaintiff located at 1465 Flatbush Avenue, Brooklyn, New York 11210.

7. Defendant Aryeh Z. Ginzberg is an adult individual and former employer of Plaintiff located at 1465 Flatbush Avenue, Brooklyn, New York 11210.

8. Defendant Irving Langer is an adult individual and former employer of Plaintiff located at 1465 Flatbush Avenue, Brooklyn, New York 11210.

9. Defendant E & M Associates LLC is an active limited liability company organized under the laws of New York State and located at 1465 Flatbush Avenue, Brooklyn, New York 11210.

10. Defendant 22 Pearsall, LLC is an active limited liability company organized under the laws of New York State and located at 2211 Loretta Road, Far Rockaway, New York 11691.

11. Defendant 295 West 150 LGL Associates L.P. is an active domestic limited partnership organized under the laws of New York State located at 1465 Flatbush Avenue, Brooklyn, New York 11210.

12. Defendant StaffPro, Inc. is a business corporation organized under the laws of New York State located at 431 Beach 20th Street, Far Rockaway, New York 11691.

13. Defendant StaffLGL, LLC is a limited liability company conducting business, without authorization, in New York State, located, on information and belief, at 431 Beach 20th Street, Far Rockaway, New York 11691.

14. Plaintiff intends to name as Defendants all individuals or entities that had sufficient control over Defendants' enterprise to make them liable for Plaintiff's claims under the FLSA or

2

NYLL. Defendants operate their enterprise using various subsidiary entities. It is difficult for Plaintiff to identify all such entities and responsible individuals. By naming the entities that Plaintiff is able to identify, Plaintiffs intends to put all entities and individuals that could be liable for Plaintiff's claims on notice. After a reasonable opportunity for further investigation or discovery, plaintiff will likely have evidentiary support to identify and name additional individuals or entities that employed Plaintiff with Defendants.

### STATEMENT OF CLAIMS

15. On or about February 25, 2014, Defendants became Plaintiff's employer when it acquired five multi-family buildings in Far Rockaway. Along with the purchase of the buildings, Defendants hired Plaintiff, as well as other existing employees.

16. From February 2014 to December 2015, Defendants continued to employ Plaintiff as a handyman at 707 Beach 9th Street, Far Rockaway, New York, which has approximately 125 residential units. During this time Plaintiff was also assigned to work as a handyman at 2204 Collier Avenue, Far Rockaway, NY, which has 75 residential units.

17. Defendants required Plaintiff assist the superintendents of both sites as a handyman.

18. From December 2015 to February 2017, Defendants employed Plaintiff to work at the housing complex located at 22 Pearsall Avenue, Freeport, NY, which has 22 residential units.

19. From February 2017 to June 2017, Defendants reassigned Plaintiff to work at the building located at 295 West 150th Street New York, NY, which has 6 floors consisting of 33 residential units and 3 commercial units.

20. Defendants have performed related activities through unified operations or common control since at least February 25, 2014, with the common purpose of operating and maintaining a real estate investment and management business.

21. Under 29 U.S.C. §203, Defendants constitute an enterprise engaged in commerce, having a gross annual volume of business done of not less than $500,000, and with employees engaged in commerce. Defendants' employees have engaged in commerce by, *inter alia*, handling and receiving goods moving in interstate commerce when maintaining and performing repairs to the buildings Defendants own or manage.

22. Plaintiff is a covered employee under the FLSA and is not exempt from the minimum wage and maximum hour requirements under 29 U.S.C. § 213. As an employee of Defendants, Plaintiff provided manual maintenance services to the premises, including, without limitation, maintaining the building grounds by sweeping and picking up littered trash, garbage disposal, fixing leaks, repairing cracks in walls or ceilings, unclogging drain pipes. Plaintiff was also on call 24 hours per day, 7 days per week, and was required to respond to any tenant related emergencies during his employment with Defendants.

23. Throughout Plaintiff's employment with Defendants, Plaintiff was scheduled to work and worked from 9:00 a.m. to 5:00 p.m., 7 days a week. In addition, Plaintiff performed work tasks outside of his regularly scheduled hours, and he was required to remain on call at all times, 24 hours a day. Throughout Plaintiff's employment with Defendants, Plaintiff worked at least 56 hours each week performing scheduled work.

24. Throughout Plaintiff's employment with Defendants, Plaintiff was required to, at all times, remain on call at the premises to which he was assigned or close enough to the premises so that he was not able to use his time effectively for his own purposes while on call.

25. Throughout Plaintiff's employment with Defendants, Plaintiff worked, including on-call time, at least 112 hours each week.

26. Between February 25, 2014 and June 7, 2017, Defendants failed to post a minimum wage poster in the building as required by FLSA, 29 U.S.C. § 211.

4

27. Between February 25, 2014 and June 7, 2017, Defendants failed to provide Plaintiff with wage statements that accurately listed the hours he worked, in violation of NYLL § 195(3).

28. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or thereafter, in violation of NYLL § 195(1).

29. Between February 25, 2014 to June 7, 2017, Defendants failed to pay Plaintiff at the minimum wage rate required by the FLSA, 29 U.S.C. § 203, for all hours worked. In particular, Defendants failed to pay Plaintiff any wages for the hours over 40 that he worked each week.

30. Between February 25, 2014 and June 7, 2017, Plaintiff worked for Defendants an average of 112 hours each week, but Defendants willfully failed to pay Plaintiff at the overtime rate required by the FLSA, 29 U.S.C. § 207, for the time in excess of 40 hours that he worked each week.

31. Plaintiff worked additional overtime each week performing maintenance tasks for the building and responding to emergencies and tenant calls on weekends and after his regular eight hours of work each day. Plaintiff worked overtime responding to tenant complaints and performing other maintenance tasks including, without limitation, clearing and unclogging the drains, removing garbage and recycling, correcting code violations, fixing leaks, maintaining boilers, clearing, repairing, and remodeling vacant apartments, and performing other maintenance and repairs. Defendant required Plaintiff to be on-call 24 hours per day, 7 days per week to tend to tenant needs and emergencies.

32. During Plaintiff's employment at 22 Pearsall Avenue, he was often instructed by Defendant Isaac Herskovitz to work at other properties managed or owned by the Defendants. Plaintiff often had to drive to a Hempstead housing complex during and after regularly scheduled hours to assist with plumbing issues, maintenance, and garbage disposal. When Plaintiff's van broke down, Plaintiff was forced to take taxis, public transportation, and even walk to get to where he

was instructed. Although Defendants promised reimbursement for work-related travel expenses, Plaintiff was never compensated for the transportation costs.

33. Throughout Plaintiff's employment with Defendants, Plaintiff regularly remodeled apartments owned or managed by the defendants. Plaintiff remodeled 8 apartments at 2204 Collier Avenue and 3 apartments at 295 West 150th Street. This remodeling process consisted of new paint, molding, and plumbing. Defendants never compensated Plaintiff for the extra hours worked remodeling.

34. Throughout Plaintiff's employment with Defendants, Plaintiff was instructed to work in the homes of the corporate employees of Defendant E & M Associates LLC. At the homes of these corporate employees he disposed of garbage, lifted heavy objects such as furniture, and assisted in plumbing issues, if necessary.

35. Plaintiff was required to go to the home of Defendant Daniel Goldstein to dispose of trash, as well as move heavy objects such as furniture from one place to another.

36. Plaintiff was required to go to the home of Defendant Irving Langer under the instruction of Defendants Isaac Herskovitz and Daniel Goldstein. Defendants required Plaintiff to sweep the property grounds, lift heavy objects such as furniture, and water plants on the property.

37. Plaintiff was required to go to the home of Defendant Irving Langer's son, Michael Langer. Plaintiff was instructed to dispose of trash, as well as unclog a bathtub drain in an upstairs bathroom within the home.

38. Defendants practiced an unlawful policy of denying Plaintiff and, upon information and belief, other similarly employed individuals, overtime wages, and requiring them to personally pay for work-related expenses without reimbursement.

39. Throughout Plaintiff's employment with Defendants, Plaintiff spent a total of approximately $1,000.00 in transportation, which accumulated through cab-fare and public transportation

fare during Plaintiff's employment. Defendants never compensated Plaintiff for this expense.

40. Through Plaintiff's employment with Defendants, Plaintiff spent a total of approximately $1,500.00 in materials and tools necessary to carry out his job responsibilities, including remodeling, during the entirety of his employment with Defendants. Plaintiff was required to purchase plumbing supplies, pipes, locks, cabinets and lightbulbs, amongst other items. Defendants refused to reimburse him.

41. Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff $640.00 each week for all hours worked.

42. Defendants designated Plaintiff as an hourly employee and Plaintiff is entitled to overtime compensation at one and a half times his regular rate of pay for all of the overtime hours that he worked.

43. Defendants willfully paid Plaintiff below the minimum wage rate required by NYLL.

44. Defendants willfully failed to pay Plaintiff at his regular rate for all hours worked, in violation of NYLL § 193.

45. Defendants willfully failed to pay Plaintiff the overtime rate required by NYLL.

### FIRST CLAIM FOR RELIEF
**(FLSA, 29 U.S.C. §§ 201 *et seq.*, claim for withheld minimum wages under federal law)**

46. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

47. In light of Defendants' unlawful failure to pay minimum wages, Plaintiff seeks and is entitled to recover damages for his unpaid minimum wages, liquidated damages as provided by the FLSA, attorney's fees and costs, along with such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(FLSA, 29 U.S.C. §§ 201 *et seq.*, claim for withheld overtime compensation under federal law)**

48. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

49. In light of Defendants' unlawful failure to pay overtime compensation, Plaintiff seeks and is entitled to recover damages for his unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, along with such other relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
**(NYLL §§ 190 *et seq.*, §§ 650 *et seq.*; claim for withheld minimum wages under New York law)**

50. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

51. To the extent Plaintiff is not deemed a janitor, Plaintiff seeks and is entitled to recover damages for his unpaid minimum wages, damages pursuant to NYLL, attorneys' fees and costs, pre- and post-judgment interest, along with such other relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
**(NYLL §§ 190 *et seq.*, §§ 650 *et seq.*; claim for withheld regular wages under New York law)**

52. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

53. To the extent Plaintiff is not deemed a janitor, Plaintiff seeks and is entitled to recover damages for his unpaid regular wages, damages pursuant to NYLL, attorneys' fees and costs, pre- and post-judgment interest, along with such other relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
(NYLL §§ 190 *et seq.*, §§ 650 *et seq.*; claim for withheld overtime compensations under New York law)

54. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

55. To the extent Plaintiff is not deemed a janitor, Plaintiff seeks and is entitled to recover damages for his unpaid overtime compensation, damages pursuant to NYLL, attorneys' fees and costs, pre- and post-judgment interest, along with such other relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
(NYLL §§ 190 *et seq.*, §§ 650 *et seq.*; claim for notice and recordkeeping penalties under New York law)

56. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

57. Plaintiff seeks and is entitled to recover penalties and damages for Defendants' failure to provide accurate wage statements as required by NYLL § 195(3).

### SIXTH CLAIM FOR RELIEF
(NYLL §§ 190 *et seq.*, §§ 650 *et seq.*; claim for notice and recordkeeping penalties under New York law)

58. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

59. Plaintiff seeks and is entitled to recover damages for Defendants' failure to provide Plaintiff with a wage notice at hire, or thereafter, as required by NYLL § 195(1).

### EIGHTH CLAIM FOR RELIEF
(NYLL §§ 190 *et seq.*, §§ 650 *et seq.* claim for unlawful deductions under New York law)

60. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

61. Plaintiff seeks and is entitled to recover damages for unpaid transportation costs and the costs of tools and supplies as required by NYLL.

### PRAYER FOR RELIEF

Plaintiff requests that this Court grant him the relief to which he is entitled and:

(a) enter judgment declaring that Defendants willfully violated the FLSA;

(b) award Plaintiff the minimum wages he is owed under the FLSA;

(c) award Plaintiff the overtime wages he is owed under the FLSA;

(d) award Plaintiff compensatory damages for Defendants' violations of the FLSA;

(e) award Plaintiff liquidated or punitive damages pursuant to the FLSA;

(f) enter judgment declaring that defendants willfully violated NYLL;

(g) award Plaintiff minimum wages owed pursuant to NYLL;

(h) award Plaintiff regular wages owed pursuant to NYLL;

(i) award Plaintiff overtime compensation owed pursuant to NYLL;

(j) award Plaintiff per unit wages owed pursuant to NYLL;

(k) award Plaintiff compensatory damages for defendants' violations of NYLL;

(l) award Plaintiff liquidated or punitive damages pursuant to NYLL;

(m) award Plaintiff damages and penalties for defendants' violations of the notice and recordkeeping provisions of NYLL;

(n) award Plaintiff transportation compensation owed pursuant to NYLL;

(o) award Plaintiff unpaid tool(s) and supply compensation owed pursuant to NYLL;

(p) award Plaintiff attorneys' fees and costs pursuant to 29 U.S.C. § 216;

(q) award Plaintiff attorneys' fees and costs pursuant to NYLL § 198;

(r) award Plaintiff pre- and post-judgment interest as provided by law; and

(s) grant such other relief that is just and proper.

Dated: New York, New York
October 31, 2017

Respectfully submitted,

GODDARD LAW PLLC
*Attorneys for Plaintiff*

By: /s/ Megan Goddard
Megan S. Goddard
39 Broadway, Suite 1540
New York, NY 10006
646-504-8363
Megan@goddardlawnyc.com

EISNER & DICTOR, P.C.
*Attorneys for Plaintiff*

By: /s/
Thomas J. Lamadrid
39 Broadway, Suite 1540
New York, NY 10006
212-473-8700
Thomas@eisnerdictor.com