# GODDARD LAW PLLC

39 Broadway, Suite 1540 | New York, NY 10006
Office. 646.504.8363
Fax. 212.473.8705
WWW.GODDARDLAWNYC.COM

July 13, 2018

**VIA ECF**

Hon. Katherine B. Forrest
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

        Re: Batista v. Horowitz *et al.*
           No. 1:17-CV-08394-KBF

Dear Judge Forrest:

  This office, together with Eisner & Dictor, P.C., represents Juan Carlos Batista Sanchez, plaintiff in the above-referenced action, which contains one or more claims under the Fair Labor Standards Act (FLSA). Jointly, with counsel for defendants, we submit this motion for approval of the parties' Settlement Agreement (attached as **Exhibit 1**) as fair and reasonable pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

## Background

  Plaintiff worked for Defendants from February 25, 2014, to June 17, 2017. From February 2014 to December 2015, Defendants employed plaintiff as a handyman at 707 Beach 9th Street, Far Rockaway, New York, which has approximately 125 residential units. During this time plaintiff was also assigned to work as a handyman at 2204 Collier Avenue, Far Rockaway, New York, which has 75 residential units. Defendants required plaintiff assist the superintendents of both sites as a handyman. From December 2015 to February 2017, Defendants employed plaintiff to work at the housing complex located at 22 Pearsall Avenue, Freeport, New York, which has 22 residential units. From February 2017 to June 2017, Defendants reassigned plaintiff to work at 295 West 150th Street, New York, New York, which has 6 floors consisting of 33 residential units and 3 commercial units.

  In October 2017, plaintiff commenced this action, seeking to recover minimum wages and overtime compensation under the FLSA, and minimum wages, regular wages, overtime compensation, and notice and recordkeeping damages under New York Labor Law (NYLL) that plaintiff alleged defendants owed.

The case was referred to mediation, and a mediation was held on May 8, 2018. Though the mediation was not successful, the parties thereafter reached an agreement in principle and drafted a written Settlement Agreement that has been fully executed (Exhibit 1).

As relevant under the FLSA, plaintiff alleges that he worked at least 56 hours each week performing scheduled work and was also required to remain on call at all times he was a superintendent. Plaintiff alleges that defendants paid him $640 each week without compensation for the hours plaintiff worked over 40 each week. Defendants allege that they paid plaintiff all wages due and followed all the requirements of the collective bargaining agreement governing that governed plaintiff's employment in addition to the requirements of the FLSA. Defendants further allege that plaintiff rarely worked any overtime, but that when he did, he was fully compensated at the required overtime rate.

### Reasonableness of the Settlement Agreement and Apportionment of Fees

Pursuant to the Settlement Agreement, Defendants have agreed to pay plaintiff the total amount of $75,000, of which the gross amount of $49,600.50 will be payable to plaintiff. The remaining $25,399.50 will be payable to Eisner & Dictor, P.C. and Goddard Law PLLC as attorneys' fees and reimbursement for costs. $12,400.13 will be payable to Eisner & Dictor P.C, $79.25 of which is reimbursement for costs incurred, and $12,920.13 will be payable to Goddard Law PLLC, of which $520 is reimbursement for costs incurred. The parties submit that these terms are fair and reasonable.

"Courts generally recognize a 'strong presumption in favor of finding a settlement fair'" in FLSA cases such as this one, as "they are 'not in as good a position as the parties to determine the reasonableness of an FLSA settlement.'" *Howard v. Don Coleman Advertising Inc.*, 16-CV-6050 (JLC), 2017 WL 773695, at *1 (S.D.N.Y. Feb. 28, 2017) (quoting *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015). In evaluating the fairness and reasonableness of an FLSA settlement, the courts look at many factors, including the plaintiffs' range of possible recovery; the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel; and the possibility of fraud or collusion. *See, e.g., Wolinsky v. Scholastic Inc.*, 900 F. Supp.2d 332, 335-336 (S.D.N.Y. 2012).

Plaintiff faces an uncertain range of recovery. In terms of his FLSA wages, if plaintiff were to prevail on his allegation that he worked 16 hours of overtime each week of his employment with defendants, plaintiff could recover $52,224 in overtime compensation. Plaintiff could recover an equal amount in liquidated damages unless defendants failed to show any omission was in good faith, and plaintiff could also recover attorneys' fees. If, however, plaintiff failed to prevail on his allegation of 56 hours worked each week, he could recover significantly less or nothing at all.

The Settlement Agreement allows plaintiff to avoid an otherwise uncertain recovery and allows the parties to avoid the burdens and expenses required to establish their respective claims and defenses. Given the lack of witnesses other than plaintiff that could attest to the work performed, it could be difficult for plaintiff to establish that he worked 56 hours a week. Moreover,

there is no documentation of the hours plaintiff has alleged he worked. In addition, defendants produced records that purport to show the plaintiff did not work 56 hours each week based on plaintiff's own reporting of his hours worked and that when plaintiff did work overtime, he received overtime pay at the appropriate rate. At trial, plaintiff would have to impeach the accuracy of these records. For defendants, the Settlement Agreement allows them to avoid the expenses and attorneys' fees require to defend against plaintiff's claims and the risk of being held liable for plaintiff's attorneys' fees. If the case had to be tried, the attorneys' fees on either side would likely eclipse defendants' total exposure for plaintiff's claims.

There has been no fraud or collusion, and the settlement agreement is the product of arm's-length bargaining between experienced counsel after mediation and extensive arms-length negotiations.

### Reasonableness of Attorneys' Fees

Pursuant to the retainer agreement with plaintiff, Goddard Law PLLC and Eisner & Dictor, P.C. will retain one-third of the net settlement ($24,800.25), which is below the lodestar, plus costs and expenses ($599.25). To date, plaintiff's counsel have spent 64 hours litigating this matter, which time included, but was not limited to: (i) conferences with plaintiff; (ii) investigation into plaintiff's claims and potential damages; (iii) drafting of pleadings including the complaint and amended complaint; (iv) preparing for and attending a mediation (v) drafting and reviewing discovery; (vi) discussions with the Court; (vii) discussions with Defendant's counsel; and (viii) the drafting and negotiation of the Agreement and this application for approval. To date, plaintiff's attorneys' fees total $26,375.00 when charged at counsels' regular hourly rates[1], plus $599.25 in costs and expenses. Attorneys' fees in FLSA settlements are examined to ensure that the interests of plaintiff's counsel in his own compensation did not adversely affect the extent of the relief counsel procured for the clients. *See Wolinsky v. Scholastic*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). Of course, had the case proceeded, assuming plaintiff prevailed, plaintiff's counsel would have made a fee application for much more than the amount currently sought in fees and costs.

While the Second Circuit's ruling in *Cheeks* did not outline the factors for approving a settlement, many courts have recognized the "percentage of the fund" method as an appropriate means by which to compensate plaintiff's attorneys in FLSA settlements. *See Velasquez v. Digital Page*, No. 11 Civ. 3892, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016) (applying one-third of percentage of fund method in approving settlement); *see also Hiang v. Chiang*, No. 16 Civ. 1129, 2016 U.S. Dist. LEXIS 142670, at *7-8 (S.D.N.Y. Oct. 14, 2016) (awarding attorneys' fees of one-third of settlement amount in FLSA case); *Chauca v. Abitino's Pizza 49th St. Corp.*, No. 15 Civ. 6278, 2016 U.S. Dist. LEXIS 86206, at *6 (S.D.N.Y. June 29, 2016) (awarding attorneys' fees in amount of one-third of gross settlement); *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) (when using the "percentage of the fund" approach, "courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 Civ. 3234, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-

---

[1] Megan Goddard and Thomas Lamadrid, attorneys for plaintiff, also regularly handle cases on an hourly fee basis. The hourly rate charged for Megan Goddard, the lead attorney on this matter, is $500.00 per hour and the hourly rate charged for Thomas Lamadrid is $350.00 per hour.

3

third of the FLSA settlement amount); *Febus v. Guardian First Funding Group, LLC.*, 870 F. Supp. 2d 337, 340-41 (S.D.N.Y. 2012) ("a fee that is one-third of the fund is typical" in FLSA cases).

The plaintiff has been represented by Goddard Law, PLLC, an employment law firm who regularly handles wage and hour matters, and Eisner & Dictor, P.C (formerly Eisner & Associates, Eisner & Mirer), a firm that almost exclusively practices plaintiff-side employment and union-side labor law. Defendants have been represented by Matthew Persanis of Elefante & Persanis, LLP.

For the foregoing reasons, the parties jointly submit that the Settlement Agreement is fair and reasonable, and we respectfully request that the Court approve the Agreement. Thank you for your consideration in this matter.

Respectfully submitted,

Megan Goddard
Goddard Law PLLC
39 Broadway, Suite 1540
New York, New York 10006
(646) 504-8363
megan@goddardlawnyc.com

Thomas J. Lamadrid
Eisner & Dictor, P.C.
39 Broadway, Suite 1540
New York, New York 10006
(212) 473-8700
thomas@eisnerdictor.com