# Exhibit 1

# SETTLEMENT AGREEMENT AND RELEASE

Yitzhak Horowitz (sued originally and incorrectly as "Isaac Herskovitz"), Daniel Goldstein, Leibel Lederman, Aryeh Z. Ginsberg, Irving Langer, E&M Associates, LLC, 22 Pearsall, LLC, 295 West 150 LGL Associates L.P., Staffpro, Inc., and StaffGL, LLC ("Defendants"), and Juan Carlos Batista, ("Batista"), desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows:

1. **Definition of Parties**.

    a.    "Plaintiff" shall be defined to include, but is not limited to, Juan Carlos Batista, and all affiliated persons or entities, including, but not limited to, his present or former domestic partner, spouse, dependents, heirs, assigns, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities.  If an obligation or right is that of Mr.  Batista personally, he will be referred to as "Mr.  Batista."

    b.    Plaintiff Batista was employed by Defendants, from on or about February 25, 2014 to June 2017.

    c.    "Defendants" shall be defined as Yitzhak Horowitz(sued originally and incorrectly as "Isaac Herskovitz"), Daniel Goldstein, Leibel Lederman, Aryeh Z. Ginsberg, Irving Langer, E&M Associates, LLC, 22 Pearsall, LLC, 295 West 150 LGL Associates L.P., Staffpro, Inc., StaffGL, LLC and all affiliated persons or entities including, but not limited to any present or former parent corporations, subsidiaries, divisions, affiliated entities, employee benefit plans, purchasers of assets or stock, investors, insurers, joint ventures, shareholders, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, partners, directors, agents, fiduciaries, representatives, the employees and representatives of any such entity, and any otherwise related persons or entities.

    d.    "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendants on March 3, 2016, and amended May 8, 2018, in the United States District Court, Southern District of New York, with Civil Action #: 17-CV-08394 (KBF).

2. **Consideration**.  In consideration for Mr.  Batista' signing this Agreement and the releases of all claims herein, Defendants agree to make the following payments:

    a.    A check made payable to "Juan Carlos Batista" in the gross amount of $24,800.25, as back pay and reported on an IRS Form W-2 and subject to deductions required by law, and including a pay stub with itemized deductions;

    b.    A check made payable to "Juan Carlos Batista" in the amount of $24,800.25, as liquidated damages and reported on an IRS Form 1099;

    c.    A check made payable to "Eisner & Dictor, P.C.," in the amount of $12,479.38, representing legal fees ($12,400.13) after reimbursement for costs ($79.25);

1

      d.          A check made payable to "Goddard Law PLLC" in the amount of $12,920.13, representing legal fees ($12,400.13) after reimbursement for costs ($520);

      e.          Defendants agree that the checks above shall be delivered to the office of Plaintiff's counsel Thomas Lamadrid, Esq. 39 Broadway, Suite 1540, New York, NY 10006 on or before July 9, 2018. The parties agree that the checks above shall be held in escrow by Plaintiff's counsel until the Court approves this agreement, at which time Plaintiff's counsel will release the checks from escrow.

3.    **No Consideration Absent Execution of This Agreement**.  Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

4.    **Neutral Reference for Plaintiff**. In response to reference inquiries from potential employers of Mr. Batista, Defendants will only state Mr. Batista's title, dates of employment, and that it is the employer's policy to provide only the foregoing information in response to inquiries about past employees.

5.    **Release of Claims by Plaintiff**.  In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendants of and from any and all claims asserted in this action from his employment with Defendants consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), as of the date of execution of this Agreement.

6.    **Acknowledgments and Affirmations**.

Plaintiff affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement.  Plaintiff believes that this settlement is fair and reasonable and authorizes his attorney to seek from the Court, approval of the settlement as fair and reasonable under the FLSA.

7.    **Governing Law and Interpretation**.  This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions.  In the event the Plaintiff or Defendants breaches any provision of this Agreement, Plaintiff and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement.  If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, the parties agree the court shall have the authority to modify, alter or change the provision(s) in question to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.  If the release language is found to be illegal or unenforceable, Plaintiff and Defendants agree to execute a binding replacement release(s).

8. **Amendment**. Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

9. **Resolution of Disputes**. The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

10. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

11. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreements contents.

12. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

13. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

14. **Joint Participation in Preparation of Agreement**. The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

15. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Mr. Batista was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Mr. Batista is competent to execute this Agreement and knowingly and voluntarily waives any the claims asserted in this action against Defendants.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**                          **DEFENDANT:**

3

**JUAN CARLOS BATISTA**

By: _____

Date: 07/02/18

Daniel Goldstein

By: _____

Date: _____


**DEFENDANT:**
**Leibel Lederman**

By: _____

Print Name _____

Date: _____


**DEFENDANT:**

**Aryeh Z Ginzberg**

By: _____

Date: _____


**DEFENDANT:**

**Irving Langer**

By: _____

Date: _____


**DEFENDANT:**

**Yitzhak Horowitz**

By: _____

Date: _____


**DEFENDANT:**

**E&M Assocaites LLC**

By: _____

Print Name _____

Title _____

Date: _____


**DEFENDANT:**

**22 Pearsall LLC**

4

DEFENDANT:

Daniel Goldstein

By: _____

Date: _____

DEFENDANT:
Leibel Lederman

By: _____

Print Name _____

Date: _____

DEFENDANT:

Aryeh Z Ginzberg

By: _____

Date: _____

DEFENDANT:

Yitzhak Horowitz

By: _____

Date: _____

DEFENDANT:

Irving Langer

By: _____

Date: _____

DEFENDANT:

E&M Assocaites LLC

By: _____

Print Name _Irving Langer_

Title _partner_

Date: _____

4

**DEFENDANT:**

Daniel Goldstein

By: _____

Date: _____

**DEFENDANT:**
Leibel Lederman

By: _____

Print Name Leibel Lederman

Date: 6/11/18

**DEFENDANT:**

Aryeh Z Ginzberg

By: _____

Date: 6/1/18

**DEFENDANT:**

Yitzhak Horowitz

By: _____

Date: _____

**DEFENDANT:**

Irving Langer

By: _____

Date: 6/8/18

**DEFENDANT:**

E&M Assocaites LLC

By: _____

Print Name Irving Langer

Title partner

Date: _____

4

**DEFENDANT:**

**22 Pearsall LLC**

By: _____

Print Name  Danniel  Goldstein

Title  PArtner

Date:  6/8/18

**DEFENDANT:**

**295 West 150 LGL Assocaites L.P.**

By: _____

Print Name  Daniel  Goldstein

Title  PArtner

Date:  6/8/18

**DEFENDANT:**

**Staffpro Inc.**

By: _____

Print Name  DAVID  GREENBAUM

Title  Partner

Date:  6/13/18

5

**DEFENDANT:**

**StaffGL, LLC**

By:_____

Print Name _____ Dany Goldstein _____

Title_____

Date: ___ 6/15/2017 _____

6