```
UNITED STATES DISTRICT COURT                    USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                   DOCUMENT
------------------------------------------- X   ELECTRONICALLY FILED
                                            :   DOC #: _____
JUAN CARLOS BATISTA,                        :   DATE FILED: July 27, 2018
                                            :
                      Plaintiff,            :
                                            :
              -v-                           :   17-cv-8394 (KBF)
                                            :
YITZCHECK HOROWITZ, DANIEL                  :   MEMORANDUM
GOLDSTEIN, LEIBEL LEDERMAN, ARYEH           :   DECISION & ORDER
Z. GINZBERG, IRVING LANGER, E&M             :
ASSOCIATES LLC, 22 PEARSALL, LLC, 295       :
WEST 150 LGL ASSOCIATES L.P.,               :
STAFFPRO, INC., STAFFLGL, LLC,              :
                                            :
                      Defendants.           :
                                            :
------------------------------------------- X
```

KATHERINE B. FORREST, District Judge:

Currently pending before the Court is a proposed settlement agreement. (ECF No. 26.) For the reasons stated below, the Court hereby APPROVES the settlement set forth therein.

I.  BACKGROUND

On October 31, 2017, Juan Carlos Batista commenced this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"), § 190 et seq. and § 650 et seq. (See generally Compl., ECF No. 1.) The Complaint alleges, in sum, that defendants: (1) failed to pay plaintiffs the requisite minimum hourly rate; (2) failed to pay plaintiffs the statutorily required overtime compensation; and (3) failed to provide plaintiffs with the required notices/wage statements.

Defendants answered the Complaint on November 14, 2017. (ECF No. 10.) On December 18, 2017, the parties attended a mediation conference in the courthouse; the mediation was unsuccessful. (ECF No. 22.) Plaintiff then sought leave to file an Amended Complaint, in order to alter the caption to name the proper defendants; the Court granted the motion. (ECF Nos. 23, 24, 25.)

On July 13, 2018, the Court received notice that plaintiff in this action had accepted an offer of judgment for $75,000. (ECF No. 26.) Plaintiff's counsel made a fairness submission regarding that accepted offer pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). (ECF No. 26.) The Court ordered plaintiff's counsel to file any retainer agreement, (ECF No. 27); plaintiff's counsel did so on July 18, 2018, (ECF No. 28).

II. LEGAL PRINCIPLES

   A. Approval of FLSA Settlements

The FLSA and its case law protects employees from being coerced into settling claims by requiring that a settlement either be supervised by the Secretary of Labor or be made pursuant to a judicially supervised settlement agreement. Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). Before the Court enters judgment on a settlement agreement, "the parties must satisfy the Court that their agreement is 'fair and reasonable.'" Santos v. Yellowstone Properties, Inc., Case No. 15-cv-3986, 2016 WL

2757427, at *2 (S.D.N.Y. May 10, 2016) (quoting Velasquez v. SAFI-G, Inc., 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015)).

To evaluate whether a settlement meets this threshold, the Court looks to the totality of the circumstances, including:

> (1) the plaintiffs range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;" (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel," and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting Medley v. Am. Cancer Soc., Case No. 10-cv-3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010) (other citations omitted)).

Factors that weigh against settlement approval "include the following: (1) 'the presence of other employees situated similarly to the claimant'; (2) 'a likelihood that the claimant's circumstance will recur'; (3) 'a history of FLSA noncompliance by the same employer or others in the same industry or geographic region'; and (4) the desirability of 'a mature record' and 'a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.'" Id. (citation omitted).

### B. Amount of Attorney's Fees

"Under the FLSA and the [NYLL], a prevailing plaintiff is entitled to reasonable attorneys' fees and costs." Anthony v. Franklin First Fin., Ltd., 844 F. Supp. 2d 504, 506 (S.D.N.Y. 2012) (citing 29 U.S.C. § 216(b); N.Y. Lab. Law

3

§ 663(1)). Attorney's fees are intended "to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." Sand v. Greenberg, Case No. 08-cv-7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010) (explaining that "[b]ut for the separate provision of legal fees, many violations of the [FLSA] would continue unabated and uncorrected"); see also Braunstein v. Eastern Photographic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978) (explaining that the FLSA "should be given a liberal construction" because of its "broad remedial purpose"); Estrella v. P.R. Painting Corp., 596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009) ("The fee provisions contained in the FLSA and the [NYLL] were designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements.") (citing cases).

Attorney's fees in FLSA settlements are subject to the Court's approval, however. See 29 U.S.C. § 216(b); Velasquez, 137 F. Supp. at 585. Plaintiffs "bear[ ] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011) (quoting General Elec. Co. v. Compagnie Euralair, S.A., Case No. 96-cv-0884, 1997 WL 397627, at *4 (S.D.N.Y. July 3, 1997)).

In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %. See Guzman v. Joesons Auto Parts, Case No. 11-cv-4543(ETB), 2013

4

WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); see also, Meza v. 317 Amsterdam Corp., No. 14-cv-9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases."); Silverstein v. AllianceBernstein LP, Case No. 09-cv-5904, 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); Beckman v. KeyBank, N.A., 293 F.R.D. 467, 481 (S.D.N.Y. Apr. 29, 2013).

In assessing the reasonableness of a proposed attorneys' fee award, the Court considers the "lodestar" amount, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Stancyzk v. City of New York, 752 F.3d 273, 284 (2d Cir. 2014) (internal citations, quotations, and alterations omitted). "A reasonable hourly rate is 'the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'" Costello v. Flatman, Case No. 11-cv-287, 2013 WL 1296739, at *4 (E.D.N.Y. Mar. 28, 2013) (discussing fees with respect to the Americans with Disabilities Act) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008) (other citation omitted)). The Court's analysis is guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). The relevant community is this District. Arbor Hill, 522 F.3d at 190-91.

"Lead attorneys in this district typically charge between $300 and $400 per hour for wage-and-hour cases." Vasquez v. TGD Grp., Inc., Case No. 14-cv-7862, 2016 WL 3181150, at *4 (S.D.N.Y. June 3, 2016); see Agudelo v. E & D LLC, Case No. 12-cv-960, 2013 WL 1401887, at *2 (S.D.N.Y. Apr. 4, 2013) (awarding lead counsel $350 per hour); Carrasco v. West Village Ritz Corp., Case No. 11-cv-7843, 2012 WL 2814112, at *7 (S.D.N.Y. July 11, 2012) ("Courts in this [d]istrict have determined in recent cases that the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450."); Wong v. Hunda Glass Corp., Case No. 09-cv4402, 2010 WL 3452417, at *3 (S.D.N .Y. Sept. 1, 2010) (stating that the reasonable hourly rate for "employment law litigators with approximately ten years' experience is between $250 per hour and $350 per hour") (citations omitted). For paralegals, "courts in this Circuit have generally found $75 to be reasonable." Cuevas v. Ruby Enters. of N.Y., Inc., Case No. 10-cv-5257, 2013 WL 3057715, at *3 (E.D.N.Y. June 17, 2013).

III. DISCUSSION

Having considered all the facts and circumstances relevant to plaintiff's claims, the Court finds the amount of the settlement to be fair and reasonable.

Based on the allegations in the Amended Complaint, plaintiff could recover $52,224 in overtime compensation, as well as liquidated damages and attorneys' fees. (ECF No. 26 at 2.) Pursuant to the proposed settlement, plaintiff will recover the ninety-five percent of his potential compensatory

6

damages under FLSA and approximately forty-seven percent of compensatory plus liquidated damages.

The Court has no reason to believe that the proposed settlement here was not the result of arms-length bargaining between the parties. Plaintiff and defendants are represented by attorneys experienced in wage-and-hour litigation, and the proposed settlement allows both parties to avoid certain litigation risks, as well as the need for additional litigation expense. Because the Court concludes that the proposed recovery is substantial, and in light of the inherent risks in proceeding to trial, the Court concludes that proposed settlement is fair and reasonable.

Additionally, the Court does not conclude that the attorneys' fees of $24,800.25 and costs of $599.25 are "unfair" or "unreasonable" as a result. Here, counsel for plaintiff has represented that one-third of the net settlement will be allocated to attorney's fees (with $12,400.13 payable to Eisner & Dictor P.C. and $12,920.13 payable to Goddard Law PLLC). (See ECF No. 26 at 1.) As previously noted, courts in this Circuit typically approve attorney's fees that range between 30 and 33 1/3 %. See, e.g., Guzman, 2013 WL 2898154, at *4 (collecting cases).

The proposed attorney's fees here fall within that range and they are below the losestar. Further, the retainer agreement adopted by plaintiff clearly states that Eisner & Dictor, P.C. is entitled to retain "the greater of 33.33% of any gross recovery, including any compensation or settlement amount, or of an

7

award granted by the Court or through negotiations." (See ECF Nos. 28-1 at 1.) The Court is not obligated to accept this arrangement as per se "fair and reasonable" simply because plaintiff agreed to it, but it does indicate that up to one-third of the recovery (excluding costs) is a "rate a paying client would be willing to pay" for plaintiff's counsel's services. See Costello, 2013 WL 1296739, at *4. Because the proposed attorney's fees and costs of one-third are consistent with the amount referenced in the retainer agreement, and because courts in this Circuit have routinely approved attorney's fees of thirty-three percent, the Court concludes that the proposed attorney's fees and costs in this case are fair and reasonable.

IV.  CONCLUSION

For the reasons set forth above, the Court APPROVES the proposed settlement at ECF No. 26. Counsel for plaintiff is to receive one-third of the combined recovery (after costs). Plaintiff shall receive the remainder.

The Clerk of Court is directed to enter judgment in accordance with this Memorandum Decision & Order, to close all open motions, and to terminate this action.

SO ORDERED.

Dated:    New York, New York
            July 27, 2018

                                            KATHERINE B. FORREST
                                            United States District Judge